LEWIS, J.,
dissenting.
Under rules fashioned by The Florida Bar and approved by a majority of this Court, solo practitioner Gary Elvin Doane became board-certified in the area of civil trial law. According to misdirected rules but rules certainly in full force and effect, he became authorized to use the title “expert.” Thereafter, Doane utilized advertisements that referred to the trade name of his law firm as “Legal Experts, L.L.C.” and “Legal Experts, P.L.” The Florida Bar contends that this trade name and type of advertising violates certain rules regulating lawyers in Florida. Accordingly, the majority now enjoins Doane from the use of either the singular term “expert” or the plural term “experts” in all legal advertisements and any trade name. I dissent from this foreseeable result which is the natural and inevitable consequence of this Court allowing lawyers to mislead the public with bar-sanctioned, advertising-based deception by use of the title “expert.”
Doane has been caught in the tangled morass of problematic rules created by this Court and The Florida Bar in the march for certification of lawyers as “experts.” The Florida Bar requested and a majority of this Court approved amendments to the rules regulating advertising of legal certifications to allow individual lawyers to identify themselves as “experts.” See In re Amendments to the Rules Regulating the Fla. Bar, 978 So.2d 91 (Fla.2007); In re Amendments to the Rules Regulating the Fla. Bar—Advertising, 971 So.2d 763 (Fla.2007). To no avail, I dissented with regard to the advertising pandering of adding the deceptive designation of the useless and misleading term “expert” to the arsenal of salutations that board-certifie4 attorneys may unleash on the public. See 971 So.2d at 765. The use of the hyperbolic term “expert” may mislead the public to believe that they are purchasing the legal representation of an “expert” attorney who is a preeminent mind in a field of law and therefore better able to obtain a desirable result for the client due to this possibly inaccurate and unverifiable moniker.
Now, an individual in accordance with the Rules Regulating the Florida Bar and this Court’s approval was allowed to hold himself out under the very inappropriate label of “expert,” but is being disciplined under these disjointed advertising rules for engaging in practices which The Florida Bar urged this Court to allow. I do not dissent because I approve of the actions taken by Doane — in fact, I fully disapprove of the concept of The Florida Bar designating “experts.” However, the fundamental and primary problem rests in this Court’s approval of the use of the term “expert” in the first place. This Court should have never allowed attorneys to exploit inexperienced clients by adopting the unverifiable, qualitatively based designation of “expert.” This nonsensical advertising farce is demonstrated by a situation recently before this Court. We first allowed a lawyer to be identified as an “expert” in appellate law only to discover that he was not qualified to handle capital cases before this Court. This resulted in the Court reporting the deficiencies and actually precluding him from handling capital cases here. See Admin. Order No. *642 AOSC10-6 (Fla.Sup.Ct Feb. 19, 2010). Accordingly, I must dissent from this Court’s decision to sanction a lawyer for engaging in the use of a deceptive and misleading moniker that this Court previously approved when it amended the rules to allow lawyers to advertise and market themselves as legal “experts.”